# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 1
Hunters for Deer, Inc. et al.,
     Respondents,
    v.
Town of Smithtown,
     Appellant.

Jennifer A. Juengst, for appellant.
Christian Killoran, for respondents.
New York State Department of Environmental Conservation, amicus curiae.

MEMORANDUM:

The order of the Appellate Division should be affirmed, with costs. The only question properly before us on this appeal is whether Town Law § 130 (27) authorizes defendant Town of Smithtown to regulate the discharge of "bows" pursuant to its authority

- 1 -

to regulate the discharge of "firearms" under that statute.[1]   Town Law § 130 (27) specifically authorizes certain towns to prohibit the discharge of "firearms" through ordinances that may be more restrictive than other laws where such discharge may be hazardous to the general public, and requires that notice be provided to the Department of Environmental Conservation of any ordinance "changing the five hundred foot [setback] rule" (Town Law § 130 [27]; *see* Environmental Conservation Law § 11-0931 [4] [a] [2]). While the term "firearm" is undefined in the Town Law, construing it in accordance with its "usual and commonly understood meaning" (*Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 192 [2016] [internal quotation marks and citation omitted]), the term "firearm" does not encompass a "bow" (*see* Black's Law Dictionary [4th ed rev 1968]; Ballentine's Law Dictionary [3rd ed 1969]; *see also* Penal Law § 265.00 [3]; ECL § 11-0931 [4] [a] [2]), and we are unpersuaded that the Legislature intended otherwise when it used the term in the Town Law.  Accordingly, Town Law § 130 (27) does not authorize Smithtown to regulate the discharge of bows.

Order affirmed, with costs, in a memorandum. Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Singas and Cannataro concur. Judge Troutman took no part.

Decided February 10, 2022

---

[1] We have no occasion to pass on whether, irrespective of Town Law § 130 (27), a town has the authority to regulate the setback distance for the discharge of bows pursuant to its municipal home rule authority to regulate public safety, or whether the Environmental Conservation Law preempts such regulation (*see* NY Const art IX, § 2 [c] [10]; Municipal Home Rule Law §10 [1] [a] [12]).  In its arguments before Supreme Court and the Appellate Division, Smithtown effectively conceded that, absent specific authority under Town Law § 130 (27), the Town Code provision would be invalid.  Thus, Smithtown cannot now assert a contrary argument before us.